UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* STUART HALLAM,<br><br>　Plaintiff,<br><br>　vs.<br><br>BRETT DEUTER, *an individual*, DEUTER CONSTRUCTION, LLC, *an Idaho limited liability company*; and ENLIGHTEN, LLC, *an Idaho limited liability company d/b/a Enlighten Construction Services and EnlightenHome*,<br><br>　Defendants. | Case No. 1:23-cv-00348-REP<br><br>**MEMORANDUM DECISION AND ORDER RE: ATTORNEYS' FEES, EXPENSES, AND COSTS** |

Pending before the Court is Relator Stuart Hallam's Amended Motion for Attorneys' Fees and Costs (Dkt. 24). For the reasons set forth below, the Court grants the motion with one reduction.

**PROCEDURAL HISTORY**

Relator Stuart Hallam filed this qui tam action on August 4, 2023. (Dkt. 1). The Complaint alleged that Defendants Brett Deuter, Deuter Construction LLC, and Enlighten, LLC violated the False Claims Act ("FCA"), 31 U.S.C. § 3729, by engaging in Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") fraud. *Id.* Relator Hallam formally served the United States with notice of the lawsuit on November 9, 2023. (Dkt. 4). After investigating the allegations, the United States initiated settlement negotiations with Defendants. In June 2024, the parties reached an agreement in principle. (Dkt. 8).

1

On July 2, 2024, the United States filed a notice of its election to intervene for the purposes of settlement. (Dkt. 8).

On August 29, 2024, the parties submitted a joint motion to approve a consent judgment (Dkt. 20). As part of this motion, Defendants admitted liability under the FCA and agreed to pay a judgment in the amount of $850,000. *Id.* Finally, the parties agreed that Relator Hallam could seek an award of reasonable attorneys' fees and costs under 31 U.S.C. § 3730(d)(1) and that Defendants could oppose the award. *Id.* at 6.

On October 2, 2024, Relator Hallam filed his Amended Motion for Attorneys' Fees and Costs requesting that the Court award him attorneys' fees in the amount of $39,287.00, expenses in the amount of $865.56, and costs in the amount of $402, for a total award of $40,554.56.

## LEGAL STANDARD

Under the FCA, a prevailing relator is entitled to an award against the defendant for "reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d). To determine the amount of "reasonable attorneys' fees" under this statute, courts use the lodestar method. *See Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007) ("Use of the 'lodestar method' to calculate attorney's fees under a federal fee-shifting statute is proper."); *see also United States ex re. Sant v. Biotronik, Inc.*, 716 F. App'x 590, 592 (9th Cir. 2017) (unpublished) (applying the lodestar method in an FCA case).

"The lodestar method is a two-step process." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). First, the court calculates the lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* Second, the court decides whether to

increase or reduce the presumptively reasonable lodestar fee to account for factors that are not subsumed within the lodestar figure. *Id.*

At both stages of the process, the initial burden is on the party seeking fees to submit satisfactory evidence to support the fee request. For example, a party seeking fees must provide time sheets detailing the work performed on the case and affidavits establishing that the hourly rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Once this information has been provided, the party opposing the fee application carries the burden of rebuttal. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

## DISCUSSION

### I.    Attorneys' Fees

Relator Hallam and his Counsel have submitted declarations and time sheets establishing that his attorneys billed him $39,287.00 over the course of the lawsuit for 86.7 hours of legal work. They argue that the time spent on the case and the hourly rates charged by Counsel are both reasonable and that the Court, accordingly, should award Relator Hallam full compensation for his legal fees.

Defendants oppose this request.[1] Defendants ask the Court to reduce the requested fee award "by at least 75%" to account for "vague and repetitive entries, excessive time on simple tasks, unnecessary client communications, . . . time spent on settlement negotiations unrelated to

---

[1] Defendants' response was filed five days after the stipulated due date, *see* Stip. at 2 (Dkt. 22), and Relator Hallam asks the Court to disregard it as untimely. Reply at 1 (Dkt. 27). Relator Hallam, however, alleges no prejudice from the five-day delay in filing. In addition, the Court has a strong preference for resolving motions on the merits. The Court, therefore, will consider Defendants' untimely response. *See Applied Information Sciences Corp., v. eBay, Inc.*, 511 F.3d 966, 969 n.1 (9th Cir. 2007) (a district court has discretion to consider untimely papers).

the litigation," and failure to exercise "billing judgment." Ds' Rsp. at 5 (Dkt. 26). Defendants do not challenge the hourly rates charged by Relator Hallam's Counsel. Nor do Defendants or Relator Hallam ask the Court to deviate from the lodestar figure. The only dispute before the Court is whether Relator Hallam has presented sufficient evidence to justify the 86.7 hours his Counsel spent litigating the case. With one exception, the Court agrees that these hours were adequately documented and reasonably expended.

    a. *Counsel's billing entries are sufficiently detailed.*

Defendants' first argument is that "many" of Counsel's billing entries provide "insufficient detail regarding the nature of the work completed." Ds' Rsp. at 3-4 (Dkt. 26). Defendants provide two examples to support this position. First, Defendants argue that it was insufficient for Counsel to bill for "background research necessary to draft and submit an FCA Claim" without providing substantive details about the "nature of the research or its relevance to the complaint." *Id.* at 3. Second, Defendants insist that an entry regarding the provision of information to the United States is too vague because the entry does not state what documents were being coordinated or how they were relevant to the litigation. *Id.* at 3-4.

Defendants demand a level of detail that the law does not require. When submitting entries for an attorneys' fee award, attorneys are "not required to record in great detail how each minute of their time was expended." *USW v. Ret. Income Plan for Hourly-Rated Emples. of ASARCO, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983) (cleaned up). Attorneys need only "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id.* (citing *Hensley*, 461 U.S. at 441 (Burger, C.J., concurring). Counsel's billing entries satisfy this standard.

      b.  *The time expended drafting the Complaint was reasonable.*

Defendants' second argument is that Counsel spent excessively long drafting the complaint. Ds' Rsp. at 4 (Dkt. 26). In addition to billing for background research, Counsel expended 26.6 hours between July 5, 2023 and August 4, 2023 drafting, preparing, reviewing, revising, and filing the complaint. Time Sheet at 2-3 (Dkt. 24-3). Given the length of the complaint and the complexity of the subject matter, the Court finds that these hours were reasonably expended.

In making this determination, the Court is mindful that the lodestar method is designed to "roughly approximate[] the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client."). Here, Relator Hallam's attorneys billed him monthly for their legal work, and Relator Hallam has paid these bills. Stidham Decl. ¶ 6 (Dkt. 24-2). This reduces the risk of overbilling. Because Relator Hallam was paying out-of-pocket for legal services, he had an incentive to contest inflated billing entries and encourage his attorneys to work efficiently. The Court affords these payment decisions considerable deference. See *Moreno*, 534 F.3d at 1112 ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

  *c.  The time spent on client communication was reasonable.*

  Defendants' next argument is that Counsel spent an "inordinate amount of time" communicating with their client about non-substantive matters.  Ds' Rsp. at 4 (Dkt. 26).  The Court is not persuaded.  Client communication is an important aspect of representation.  Having reviewed the billing records, the Court finds that the hours expended on client communication were reasonable.

  *d.  The time spent negotiating a higher Relator share is not compensable.*

  Defendants' final argument is that Relator Hallam's Counsel spent a substantial amount of time negotiating a higher relator share and that this time should not be charged to Defendants.  Ds' Rsp. at 5 (Dkt. 26).  The text of the FCA is silent about this issue.  Numerous courts, however, have reasoned that qui tam defendants should not be forced to reimburse relators for time expended bargaining with the government over the relator share.  *See Caputo v. Tungsten Heavy Powder, Inc.*, No. 3:18-CV-2352-W-AHG, 2021 WL 12158988, at *2 (S.D. Cal. Oct. 28, 2021) (collecting cases).  As these cases point out, defendants do not participate in these negotiations and can do nothing to hasten or prolong their conclusion.  *Id.*  The Court agrees with this reasoning.

  Here, Relator Hallam's Counsel spent approximately 23.4 hours on settlement negotiations.[2]  While some of this time related to broader settlement negotiations, a subset of it involved convincing the government to grant Relator Hallam a higher percentage of the judgment.  On July 30, 2024, for example, Mr. McCurdy billed Relator Hallam 1.3 hours for various work "regarding the percentage owed to Stuart Hallam as Relator."  Time Sheet at 5

---

[2] *See* Time Sheet at 4-6 (Dkt. 24-3) (billing entries dated May 29, 2024 - July 2, 2024 and July 12, 2024 – August 28, 2024).

(Dkt. 24-3). Over the following two weeks, Counsel continued to bill for ongoing settlement negotiations with the government regarding the relator share. *Id.* at 5 (billing entries dated July 31, 2024 – August 12, 2024). These billing entries total 7.2 hours at $515 per hour, for a total of $3,708. The Court will subtract this amount from the final lodestar calculation.

## II.   Reasonable Expenses

Relator Hallam alleges that he incurred $865.56 in expenses traveling to Boise to meet with the United States Attorney's Office regarding this case. Hallam Decl. ¶ 3 (Dkt. 24-4). Defendants do not challenge to the necessity of this trip or the reasonableness of Relator Hallam's travel costs. The Court, accordingly, will award Relator Hallam $865.56 in expenses under 31 U.S.C. § 3730(d)(1).

## III.   Costs

Relator Hallam also seeks reimbursement of the $402.00 filing fee. Bill of Costs (Dkt. 17). "[U]nder the FCA, fees, expenses, and costs are three distinct categories." *United States ex rel. Lindenthal v. General Dynamics Corp.*, 61 F.3d 1402, 1413 (9th Cir. 1995). A court, consequently, may award costs to a prevailing relator under Federal Rule of Civil Procedure 54(d)(1), in addition to awarding attorneys' fees and expenses under § 3730. *Id.* The Court will grant Relator Hallam's unopposed request for $402 in costs.

IT IS THEREFORE ORDERED THAT:

1. Relator Stuart Hallam's Amended Motion for Attorneys' Fees and Costs (Dkt. 24) is GRANTED in part and DENIED in part.

2. Relator Hallam is awarded attorneys' fees in the amount of $35,579.00, expenses in the amount of $865.56, and costs in the amount of $402, for a total award of $36,846.56.

3. The award shall be paid by Defendants jointly and severally.

DATED: January 06, 2025

Raymond E. Patricco  
Chief U.S. Magistrate Judge