BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 WEST MYRTLE STREET, SUITE 500
BOISE, ID  83702
TELEPHONE: (208) 334-1211
FACSIMILE:   (208) 334-9375
Email: Bill.Humphries@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* Stuart Hallam,<br><br>Plaintiff,<br><br>v.<br><br>BRETT DEUTER, an individual; DEUTER CONSTRUCTION, LLC, an Idaho limited liability company; and ENLIGHTEN, LLC, an Idaho limited liability company d/b/a Enlighten Construction Services and Enlighten Home,<br><br>Defendants. | Case No. 1:23-cv-00348-REP<br><br>**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT (DKT. 51)** |

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 1**

**Table of Contents**

INTRODUCTION ........................................................................................................................... 3

LEGAL STANDARD..................................................................................................................... 3

FACTUAL BACKGROUND .......................................................................................................... 6

ARGUMENT .................................................................................................................................. 7

I.     The Court must deny Relator's Motion because he cannot proceed pro se in a False Claims Act case................................................................................................................... 7

II.    Rule 60 does not provide a mechanism to void the Consent Judgment because the Consent Judgment is fair, adequate, and reasonable............................................................ 7

        A.     The amount of the Consent Judgment is reasonable......................................... 8

        B.     The Consent Judgment provides additional benefits to the Government that could not be obtained through summary judgment....................................................... 9

                1.     The Consent Judgment saved resources. .............................................. 9

                2.     Defendants admit to wrongdoing and a judgment has consequences. 11

                3.     The Consent Judgment garnered favorable nondischargeability admissions for bankruptcy. ................................................................ 11

                4.     The Consent Judgment allows traditional judgment collection upon default. ................................................................................................ 12

        C.     Defendants lack the ability to pay even the Consent Judgment...................... 13

III.   Rule 60 cannot provide relief from the consequences of a decision made that may later be revealed to be unwise................................................................................................. 14

IV.   Rule 60(b)(3) is not an appropriate ground for relief. ...................................................... 14

V.    Rule 60(b)(6) is not an appropriate ground for relief. ...................................................... 17

CONCLUSION............................................................................................................................. 17

## INTRODUCTION

The Court should deny Stuart Hallam's Rule 60 Motion for Relief from Judgment (Dkt. No. 51). In a nutshell, Stuart Hallam (the Relator) was upset with the negotiated Consent Judgment from the start, apparently because of the Defendants' inability to pay the judgment. Defendants' poor financial condition jeopardized Relator's ability to recoup expenses from a separate civil case, so now he asserts (pro se) that the Court should void the Consent Judgment. The Court should not void the Consent Judgment under Rule 60(b)(3) or (b)(6), or through any inherent power, for numerous reasons. As a threshold matter, the Relator must be represented; he cannot proceed pro se. Moreover, voiding the judgment would be an empty exercise because the Consent Judgment is reasonable, Defendants likely lack the resources to pay even the lower (already entered consent) judgment, and the Government obtained numerous benefits from the Consent Judgment, in addition to the monetary amount. Lastly, although the analysis need not go this far, there was no misrepresentation or fraud. Relator, in coordination with his counsel, made a calculated decision to agree to the Consent Judgment knowing that the Government would seek Court approval of the settlement regardless of his objection. While he now regrets his decision, that is not a sufficient reason to void the Consent Judgment. Thus, the Relator's Motion should be denied.

## LEGAL STANDARD

"[I]n a *qui tam* action, the government is the real party in interest." *U.S. ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994); *see also United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 425 (2023). A relator cannot proceed pro se in a *qui tam* action. *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126–27 (9th Cir. 2007) ("Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 3**

interpret § 1654 as authorizing *qui tam* relators to proceed *pro se* in FCA actions."); *United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791, 800 n.2 (9th Cir. 2017) ("Because a FCA claim is the government's claim—and not the relator's claim—and because the FCA does not allow relators to pursue any interest they might have in the claim separately from the government, we concluded that a pro se plaintiff could not bring such a claim.").

Relator's Motion cites Federal Rule of Civil Procedure 60(b)(3) and (b)(6) as grounds to void the Consent Judgment. Rule 60 provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> . . .
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Rule 60 is not intended to provide relief from the consequences of a decision deliberately made by a party or counsel, even though subsequent events reveal that the decision was unwise." 12 Moore's Federal Practice - Civil § 60.02 (2025). Moreover, a precondition to relief, considered before looking at each subsection, is to see if there is a reasonable belief "that vacating the judgment will not be an empty exercise." *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., Inc.*, 953 F.2d 17, 20 (1st Cir. 1992); *accord Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023); *see also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("whether the defendant has a meritorious defense" is a consideration).

"The burden of establishing at least one of the grounds for Rule 60(b) relief is on the movant," *Osborne v. Belton*, 131 F.4th 262, 270 (5th Cir. 2025), and he must do so by clear and

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 4**

convincing evidence, *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022). *See Stein v. State Farm Mut. Auto. Ins. Co.*, 934 F. Supp. 1171, 1173 (D. Haw. 1996) (the movant "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision"). A movant's evidence must be admissible and, thus, not be hearsay. *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1080 (7th Cir. 2016).

Under Rule 60(b)(3), "[t]o prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). Rule 60(b)(3) "is aimed at judgments [that] were unfairly obtained, not at those which are factually incorrect, and it requires that fraud not be discoverable by due diligence before or during the proceedings." *De Freitas v. Hertz Corp.*, 720 F. Supp. 3d 993, 1002 (D. Nev. 2024), *aff'd*, No. 23-15913, 2025 WL 655058 (9th Cir. Feb. 28, 2025) (internal quotation marks omitted). The Rule "require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *Pac. & Arctic Ry. & Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991)).

"Although Rule 60(b)(6) is a 'catch-all' provision, it does not apply to situations 'covered by any of the other reasons set forth in Rule 60.'" *Marroquin v. City of L.A.*, 112 F.4th 1204, 1217 (9th Cir. 2024) (quoting *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007)). If a motion on its face falls under a different provision of Rule 60(b), then Rule 60(b)(6) does not apply. *Id.* "Moreover, relief under Rule 60(b)(6) is reserved for 'extraordinary circumstances

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 5**

. . . .'" *Id.* (quoting *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) (per curiam)). Rule 60(b)(6) may apply only if no other provision of Rule 60 applies. *See id.*

## FACTUAL BACKGROUND

Relator filed a False Claims Act complaint on behalf of the United States in 2023. Dkt. No. 1. Relator alleged that Brett Deuter and two of his entities, Deuter Construction, LLC and Enlighten, LLC (together the "Defendants"), fraudulently obtained an Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) loans in the amount of approximately $710,000. *Id.* Relator sought treble damages, civil penalties, and a relator share under the False Claims Act on behalf of the United States. *Id.* On July 2, 2024, the United States intervened for purposes of settlement. Dkt. No. 8. On August 29, 2024, the United States filed a Joint Stipulated Motion to Enter Consent Judgment wherein the United States, Relator, and Defendants agreed to the terms of a Consent Judgment. Dkt. No. 12. On September 18, 2024, the Court entered the agreed upon Consent Judgment. Dkt. No. 20. The Consent Judgment is against Defendants jointly and severally for $850,000 and includes post-judgment interest. *Id.* It includes an agreement that the judgment is not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(2) and (a)(7). *Id.* It includes representations and promises as to real property. *Id.* It includes payment terms requiring an initial lump-sum of $50,000 and then quarterly payments of $29,500 until paid in full, but it also allows the United States to file a judgment lien and includes default provisions where the entire judgment amount is due upon default. *Id.* It also specifies that the Relator is entitled to 19% of what is paid or collected (i.e., the Relator's share). *Id.* Lastly, the Consent Judgment includes nine admissions by Defendants to wrongdoing, including but not limited to, Defendants admitting to knowingly and falsely making misrepresentations to the U.S. Small Business Administration (SBA). *Id.*

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60
MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 6**

On September 18, 2025, Relator filed his Motion citing Federal Rule of Civil Procedure 60(b)(3) and (b)(6) and the Court's inherent power as grounds for his motion to void the Consent Judgment. Dkt. No. 51.

## ARGUMENT

I. **The Court must deny Relator's Motion because he cannot proceed pro se in a False Claims Act case.**

As a threshold matter, Relator brought his Motion pro se, which is not allowed in a False Claims Act proceeding; thus, his Motion must be denied. In a False Claims Act case, the Government is the real party in interest. *Exec. Health Res., Inc.*, 599 U.S. at 425. Therefore, a realtor must be represented by an attorney. *Stoner*, 502 F.3d at 1126–27. For example, in a case where a pro se relator filed a motion to reopen a False Claims Act *qui tam* case after dismissal, the U.S. District Court for the Central District of Illinois held that "[w]ithout counsel, [the relator] . . . cannot press this case and the Court therefore cannot grant his motion." *United States v. KBR, Inc.*, No. 4:18-cv-04230, 2021 WL 2301910, at *2 (C.D. Ill. June 3, 2021).

Here, Relator's Motion must be denied because he filed his Motion pro se, which is not allowed in a False Claims Act *qui tam* case. Although Relator had counsel when he filed the case and agreed to the Consent Judgment (Dkt. Nos. 1 and 12), Relator discharged his attorneys before Relator filed the Motion at issue. Dkt. No. 45.

II. **Rule 60 does not provide a mechanism to void the Consent Judgment because the Consent Judgment is fair, adequate, and reasonable.**

Before considering each subsection of Rule 60(b), the Court must satisfy itself "that vacating the judgment will not be an empty exercise." *Teamsters*, 953 F.2d at 20; *accord Justus*, 78 F.4th at 105. In an FCA case, "[t]he Government may settle the action with the defendant notwithstanding the objections of the person initiating the action if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 7**

circumstances." 31 U.S.C. § 3730(c)(2)(B). Because the Consent Judgment is fair, adequate, and reasonable, vacating the judgment would be an empty exercise. Indeed, the Government need only offer "a reasonable argument for why the burdens of continued litigation outweigh its benefits" for the court to approve a settlement over a relator's objection. *Exec. Health Res., Inc.*, 599 U.S. at 438. Here, the Consent Judgment "is fair, adequate, and reasonable" for the reasons stated below. Additionally, and independently, voiding the Consent Judgment is an empty exercise because a larger judgment will provide no added benefit. Defendants cannot even pay the Consent Judgment.

   A.  **The amount of the Consent Judgment is reasonable.**

   The Consent Judgment is for $850,000, which is over $100,000 more than the Government loans fraudulently obtained. The Government not only obtained single damages, but a significant penalty. Such a resolution makes the Government whole, requires Defendants to pay a penalty, and is fair considering Defendants' financial condition.

   Relator seeks to void the Consent Judgment to attempt to recoup previously unsought costs and fees through a larger judgment. That is not the point of the False Claims Act or Rule 60. The False Claims Act incentivizes relators to file cases by granting a portion of the collected amount to the relator and allows a relator to seek "an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C. § 3730(d)(1). A relator must assess the cost of the case versus potential benefits.

   Here, Relator "was clear that what led to the FCA claim was the enormous cost [he] incurred in the state action . . . ." Dkt. No. 51 at 5; *see also* Dkt. No. 51 at 9 and 11 (other references to the costs incurred in the state court case). A False Claims Act case, however, is not meant to recoup expenses incurred in Relator's separate civil case. Relator presumably

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60
MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 8**

understood this from his agreement in the Joint Stipulated Motion to Enter Consent Judgment where the parties agreed that "[n]othing in this Consent Judgment precludes the Relator from seeking an award of reasonable attorney fees and costs from the Court consistent with 31 U.S.C. § 3730(d)(1) . . . ." Dkt. No. 12 at 7. Relator agreed that he "will submit any such request for attorney fees and costs to the Court within fourteen (14) days of the filing of this Consent Judgment." *Id.* Relator filed a motion for attorneys' fees and costs and a bill of costs. Dkt. Nos. 17 and 24. The motion did not seek fees and costs related to the separate civil case. Dkt. Nos. 24 and 24-4 at ¶ 7. The Court granted most of the fees and costs sought.[1] Dkt. No. 28. Relator can collect the ordered amount.

### B. The Consent Judgment provides additional benefits to the Government that could not be obtained through summary judgment.

#### 1. The Consent Judgment saved resources.

The Consent Judgment preserved the Government's resources by avoiding protracted litigation. Relator argues multiple times in his Motion that the case was ripe and ready for a summary judgment motion.[2] In so arguing, Relator suggests it is an easy, quick, and inexpensive process to move for summary judgment. However, Relator does not appreciate that summary judgment motions take substantial time and resources to prepare, especially when prepared well, even when it appears from the outset that sufficient evidence is available.[3] While this case might

---

[1] Relator repeatedly brings up the cost of this *qui tam* suit for him, suggesting he never recouped the costs. *See, e.g.,* Dkt. No. 51 at 2-3. However, the Court's order granting attorneys' fees and costs are for reasonably incurred costs for this case under 31 U.S.C. § 3730(d)(1). Dkt. No. 28.

[2] Relator references his view that the case was ready for a summary judgment motion and that he had provided everything needed for such a motion in at least the following pages of his Motion: 2, 3, 6, 9, and 11. Dkt. No. 51.

[3] An Assistant United States Attorney and staff (or Relator's attorney and staff if Relator's attorney were to draft and file a summary judgment motion) would need to compile and organize the pertinent evidence, draft the motion, memorandum, statement of undisputed facts, and organize and include evidence supporting the statement of undisputed facts. The drafting

have presented a situation where a summary judgment motion could have been successful, the resources required to prepare and litigate a summary judgment motion were outweighed by the unlikely possibility of increased recovery.

In the end, the agreement leading to the Consent Judgment saved significant time and resources of the U.S. Attorney's Office, even if Relator would have litigated the case on behalf of the government. *See U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1146 (9th Cir. 1998) ("The district court, however, properly noted that the government can legitimately consider the burden imposed on the taxpayers by its litigation, and that, even if the relators were to litigate the FCA claims, the government would continue to incur enormous internal staff costs."). The time and resources saved by the Government can be used to address other cases and matters that require attention.

Ironically, the time required to respond to Relator's Motion has diverted limited resources of the United States from enforcing and collecting judgments, such as the Consent Judgment. Moreover, if, for some reason, the Court vacates the Consent Judgment, then the parties are back at square one and the same result (i.e., a judgment like the Consent Judgment) is likely, but much delayed. Again, the United States may seek a settlement with Defendants over the objection of Relator. So, it is likely that the Government and Defendants would bring the same or a similar proposal to the Court for approval even if Relator objects. Therefore, voiding

---

process goes through iterations and a review process before finalization. Then, after filing, the opposing side may respond and raise potential reasons why summary judgment is not appropriate. Subsequently, a reply brief is usually prepared and filed, again requiring substantial time and resources. Then, the Court may order an oral argument before deciding the summary judgment motion. Time and expenses go into preparing for and participating in an oral argument. In the end, there is no guarantee summary judgment will be granted. One cannot always foresee counter arguments that might be raised by an opposing party.

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 10**

the Consent Judgment is a waste of time and resources (contrary to Federal Rule of Civil Procedure 1).

### 2. Defendants admit to wrongdoing and a judgment has consequences.

Defendants admit to wrongdoing in the Consent Judgment, which has repercussions for Defendants, including public embarrassment (press release).[4] One negative consequence is that the judgment lien causes ineligibility "to receive any grant or loan which is made, insured, guaranteed, or financed directly or indirectly by the United States or to receive funds directly from the Federal Government in any program, except funds to which the debtor is entitled as beneficiary, until the judgment is paid in full or otherwise satisfied." 28 U.S.C. § 3201(e). Defendants' wrongdoing admissions highlight why the Consent Judgment is fair and reasonable.

### 3. The Consent Judgment garnered favorable nondischargeability admissions for bankruptcy.

In the Consent Judgment, Defendants agree that the debt is not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(2) and (a)(7) and admit to factual false representations that satisfy the elements of § 523(a)(2). This is significant because otherwise, in a bankruptcy, False Claims Act single damages are discharged unless the United States files an adversary complaint within 60 days of the creditor's meeting and proves the applicable elements of 11 U.S.C. § 523(a)(2). *See United States v. Spicer*, 57 F.3d 1152, 1160 (D.C. Cir. 1995); 11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4007(c). The amounts over single damages are non-dischargeable under 11 U.S.C. § 523(a)(7). Here, with Defendants' agreement in the Consent Judgment, Defendants cannot discharge the judgment in bankruptcy. In sum, the Consent Judgment provides important and advantageous bankruptcy nondischargeability provisions that may not

---

[4] https://www.justice.gov/usao-id/pr/two-businesses-and-their-owner-consent-850000-judgment-resolve-covid-19-relief-fraud

have been obtained through summary judgment. Substantial time and resources would be expended in a bankruptcy to obtain such results without the Consent Judgment.

### 4. The Consent Judgment allows traditional judgment collection upon default.

With a judgment, the United States may use traditional methods of judgment collection, which are beneficial to the United States. *See, e.g.*, 28 U.S.C. §§ 3001-3308. As part of the enforcement authorities, the United States may file liens, obtain garnishments or writs of execution, and may even seek to unwind fraudulent transfers made before the Consent Judgment was entered. *See id.* A judgment must first be entered to seek these remedies.

Relator complains that the United States did not seek to recover money from Defendants' transferees (*see* Dkt. No. 51 at 5); however, the United States cannot recover funds from transferees as part of the process of obtaining a judgment. Seeking recovery from transferees can occur through collecting a judgment. Also, if this case had been decided through summary judgment or trial, there would be no order for funds to be disgorged from others or property sold, as Relator seems to want. A judgment is entered for an amount. That's it. Then the Government enforces the judgment.

Relator argues that the Government "extended a deal of all carrot, no stick, which provided every incentive for Deuter to go into default." Dkt. No. 51 at 4. This is confusing. Upon default there is no difference between the Consent Judgment and summary judgment. Collection applies to both equally. Relator's frustration seems to be with collection rather than the Consent Judgment. *E.g.*, Dkt. No. 51 at 5 ("No cogent reason has been offered for the failure to seek clawback from friends and family."). If so, that is not a reason to void the Consent Judgment. Or, perhaps Relator wants a larger judgment amount ordered against Defendants, but

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60
MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 12**

such a desire must be justified through reasonable chance of collection, not simply a desire to collect, as further discussed below.

      **C.**      **Defendants lack the ability to pay even the Consent Judgment.**

Vacating the Consent Judgment would be pointless because Defendants cannot pay even that amount. Relator highlights Defendants' dismal financial situation repeatedly in the Motion and notes that he himself knew this during the discussions regarding the consent judgment proposal. *See, e.g.,* Dkt No. 51 at 2-3 ("Deuter had no ability to pay his existing debts" based on documents that Relator obtained and provided.); *id* at 4 (Deuter Construction had negative account balances and many non-sufficient funds charges); *id*. at 6 (the Government "knew from the many financial statements I provided . . . that Deuter was in worse fiscal shape going into the EIDL and PPP frauds, that he was deep under water already."); *id.* ("The multiple years of personal and business records obtained through my state court action showed that Deuter/entities ran a significant loss each year, with numerous outstanding judgments and debts. Thus[,] there was no reasonable hope that Defendants could make one $30/k payment a year, let alone four.").

Relator staunchly argues that Defendants were in such bad financial condition that they could not afford to pay the Consent Judgment, even though the Consent Judgment is not for the maximum civil penalties and treble damages allowed by the False Claims Act. *See* 31 U.S.C. § 3729(a). Given Relator's admission, Defendants' financial situation does not justify the time and resources to seek a maximum judgment. *Cf. Arctic Circle Enters., Inc. v. Liu*, No. CV-02-538-ST, 2004 WL 2106516, at *2 (D. Or. Sept. 21, 2004) ("This case cries out for a negotiated settlement since, to use a well-worn but apt expression, Arctic Circle cannot squeeze blood from a turnip."). Seeking a maximum judgment often requires substantial cost through time and resources. Therefore, with little ability to pay a judgment, voiding the Consent Judgment to seek a higher judgment through litigation would be an empty exercise.

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60
MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 13**

### III.    Rule 60 cannot provide relief from the consequences of a decision made that may later be revealed to be unwise.

"Rule 60 is not intended to provide relief from the consequences of a decision deliberately made by a party or counsel, even though subsequent events reveal that the decision was unwise." 12 Moore's Federal Practice - Civil § 60.02 (2025).

Here, Relator regrets his decision to support the Consent Judgment because, in his view, it was unwise, now that Defendants did not make their initial payments. However, Relator made a deliberate decision to commence the False Claims Act case and then to agree to the Consent Judgment, even though Relator had information suggesting Defendants were in a precarious financial situation and may not pay. In fact, the Joint Stipulated Motion to Enter Consent Judgment states: "Based on the evidence collected by the United States and the Relator, as well as financial information submitted to the United States by Defendants, the Parties agree that a Consent Judgment is the most appropriate way to resolve the claims alleged in the Complaint." Dkt. No. 12 at 2. Because Rule 60 does not provide relief from the consequences of a deliberately decision, Relator may not use it to vacate the Consent Judgment.

### IV.    Rule 60(b)(3) is not an appropriate ground for relief.

Even assuming that Relator can show that relief is appropriate under Rule 60, subsection (b)(3) does not apply because Relator fails to show any material misrepresentation.

First, and foremost, Relator asserts that the United States somehow misrepresented to induce his agreement, but he does not present logical or admissible evidence. His statements and arguments are not evidence. His filing at Dkt. No. 51-2 (labeled an "Affidavit") is not notarized and does not substantially comply with 28 U.S.C. § 1746 to be a valid declaration. "Substantial compliance requires the declarant to make two assertions in the declaration: (1) that the statements in the declaration were made 'under penalty of perjury,' and (2) 'that the contents

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 14**

were true and correct.'" *Corona v. Quad Graphics Printing Corp.*, 218 F. Supp. 3d 1068, 1071 (C.D. Cal. 2016) (quoting *Luxul Tech. Inc. v. NectarLux, LLC*, No. CV 14–03656 LHK, 2016 WL 3345464, at *5 (N.D. Cal. June 16, 2016), which quotes *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995)). Relator's motion, memorandum, and "Affidavit" are not under penalty of perjury and do not state the contents are true and correct; thus, they do not provide admissible evidence. The declaration of Bett Deuter dated in August 2024 is the only potentially[5] valid declaration, but it simply shows Defendants were struggling financially, which Relator and the Government knew leading up to the Consent Judgment. *See* Dkt. No. 12 at 2.

Importantly, Relator provides an alleged statement that is hearsay within hearsay: "Wanting to get on with life, I signed only after receiving Wertheim's assurance *through McCurdy*, that 'Elliott [sic] said if Deuter misrepresented anything in their negotiations the deal is off.'" Dkt. No. 51 at 3 (emphasis added). This is the crux of Relator's entire fraud/misrepresentation argument for voiding the Consent Judgment. However, the statement is inadmissible hearsay, which is not sufficient. *See Foxx*, 815 F.3d at 1080. Furthermore, even if this were sufficient, what would a statement like that even mean? It could easily mean that if Defendants did not pay according to the payment schedule in the Consent Judgment, then the Defendants would not get the benefit of delayed collection and collection efforts could start. Lastly, Relator is interpreting something said by his attorney, which in turn is an interpretation by his former attorney. It is like a game of telephone.

In sum, Relator fails to provide admissible evidence, so the Government sees no need to provide admissible evidence in the form of a declaration or otherwise. If the Court seeks admissible evidence (from Relator or otherwise), the Government will provide admissible

---

[5] It is signed with "/s/" rather than an actual signature, so it is difficult to know its authenticity.

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 15**

evidence to rebut Relator's accusations. Notwithstanding, the Court has no need for evidence to deny Relator's Motion because of the previous points made in this response.

Second, Relator was fully informed of all material facts. He knew, apparently better than anyone, of Defendants' situation, financial and otherwise. He admits that he knew Defendants were in no position to pay the full Consent Judgment,[6] so he "wished to have it go before the Court to have the AAG explain how it had merit." Dkt. No. 51 at 2; *see also* Dkt. No. 12 at 2 (recognizing financial information supported the stipulation for a consent judgment). Relator understood that the United States would present the settlement found in the Consent Judgment regardless of Relator's agreement. Dkt. No. 51 at 3 ("Quoting my then counsel Chris McCurdy to me: . . . the government was going to push through the settlement with the court, even if it wasn't the best deal."). So, he made a calculated decision to agree, likely because, as shown above, the United States would prevail against Relator's objection.

Third, Relator inaccurately characterizes and interprets interactions, and the Government disputes his mischaracterizations and interpretations.[7] Regardless, Relator's allegations do not demonstrate (even if one assumed they were true) material misrepresentations that reasonably induced Relator's agreement to justify voiding the Consent Judgment. No alleged misrepresentation mislead Relator to believe that Defendants would pay the Consent Judgment.

---

[6] Relator stated: "The scores of financial documents I secured in the state case showed Deuter had no ability to pay according to the Consent Agreement." Dkt. No. 51 at 4.

[7] In past separate litigation, after an outcome against Relator, Relator asserted misconduct and fraud against an opposing party and attorneys, and the trial court in Alaska denied his motions. *Hallam v. Perkins Coie LLP*, No. 1:07-cv-00007 JWS, 2008 U.S. Dist. LEXIS 137078, *2 (D. Alaska Mar. 24, 2008) ("Hallam filed numerous post-trial motions asserting that Alaska Airlines and its attorneys had committed perjury and fraud before the trial court. The trial court denied all of Hallam's motions.").

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 16**

V. **Rule 60(b)(6) is not an appropriate ground for relief.**

As is articulated in all the explanation and arguments above, there is no "other reason that justifies relief" under Rule 60(b)(6).

## CONCLUSION

For the reasons articulated herein, Relator's Motion should be denied.

DATED this 5th day of December, 2025.

>BART M. DAVIS
>UNITED STATES ATTORNEY
>By
>
>*/s/ William M. Humphries*
>WILLIAM M. HUMPHRIES
>Assistant United States Attorney

**THE UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT (DKT. 51) - 17**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2025, the foregoing **UNITED STATES' RESPONSE AND OBJECTION TO RELATOR'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Stuart Hallam
stuart@ltdalaska.net
*Plaintiff/Relator, Pro Se*

Michael Pogue
Gravis Law, PLLC
mpogue@gravislaw.com
*Attorneys for Defendants Deuter Construction, LLC and Enlighten, LLC*

And, I hereby certify that the following listed non-registered CM/ECF participants were served by U.S. Mail, postage prepaid:

Brett Deuter
Ketchum, ID  83340
*Defendant, Pro Se*

*/s/ Chelsie Black*
Chelsie Black
Paralegal
